*In re* RHEAD'S ESTATE.

1. TAXATION — INHERITANCE — EXEMPTIONS — REMARRIAGE OF SON'S
    WIDOW.
        Petitioner, daughter-in-law of testatrix and her residuary legatee,
        who had remarried after son's death and before death of testa-
        trix *held*, son's widow and entitled to exemption from inher-
        itance tax as such (1 Comp. Laws 1929, § 3673, as amended by
        Act No. 161, Pub. Acts 1935).

2. DESCENT AND DISTRIBUTION — REMARRIAGE OF WIDOW.
        A woman by contracting a second marriage does not cease to be
        a widow of her deceased husband within meaning of the stat-
        ute governing descent and distribution.

Appeal from Lenawee; Rathbun (George A.), J.
Submitted January 11, 1939. (Docket No. 58, Cal-
endar No. 40,118.) Decided March 9, 1939.

In the matter of the estate of Corintha A. Rhead,
deceased. On petition of Jennie Anetta Rhead
Salmon for redetermination of inheritance tax.
From denial of petition, petitioner appeals to circuit
court. Tax determined at lesser amount in circuit
court. George T. Gundry, Auditor General, appeals.

*Kenneth G. Prettie* and *Paul W. Chase,* for peti-
tioner.

*Thomas Read,* Attorney General, and *Edmund E.
Shepherd* and *Charles J. Dovel,* Assistants Attorney
General, for defendants.

Potter, J. Corintha A. Rhead died testate. By her will, she gave $500 to the First Church of Christ Scientist, of Plymouth, Michigan. All the rest and residue of her estate she gave to her daughter-in-law, Jennie Anetta Rhead. The estate was administered in the probate court of Lenawee county. The legacy to the church of $500 was held exempt from inheritance tax. It was determined that the value of the personal estate passing was $35,303.80—the value of the personal estate exemption, $500—the value of the legacy or personal estate taxable, $34,803.80—total tax on the personal estate, $3,480.38 —total value of the real estate passing, $10,000— total value of real estate taxable, $10,000—amount of tax on real estate, $1,000—total amount of tax, $4,480.38. This determination was made October 13, 1937.

October 19, 1937, plaintiff filed a petition in the probate court of Lenawee county for a redetermination of the inheritance tax, claiming that under 1 Comp. Laws 1929, § 3673, as amended by Act No. 161, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 3673, Stat. Ann. § 7.562), she was entitled to an exemption of $5,000 with balance taxable at 2 per cent. instead of 10 per cent. because she was the widow of a son of the testatrix. She claimed the tax should be $708.30 instead of $4,480.38. The probate judge dismissed her petition for a redetermination of the tax and the case came into the circuit court.

It was stipulated that plaintiff was the wife of Kurt Rhead, who was a son of Corintha A. Rhead, the testatrix, and that after the death of Kurt Rhead and during the lifetime of Corintha A. Rhead, Jennie Anetta Rhead married one Roy Salmon. The trial court held plaintiff was the widow of a son of deceased and entitled to the statutory exemption. De-

fendants contend that having remarried she is no longer a widow and is not entitled to the exemption; that upon remarriage she ceased to be the widow of a son of the testatrix as contemplated by the statute, that she ceased to be entitled to an exemption or preference and the order of the circuit judge should be reversed.

"A woman, though the wife of another, is still the widow of her former husband; though married to another woman, the husband is still the widower of his former wife." *In re Ray's Estate,* 13 Misc. 480 (35 N. Y. Supp. 481).

"We think that the word 'widow,' as used in the act, refers to the person, and not to her state or condition, whether she remains a widow or marries again." *Davis* v. *Neal,* 100 Ark. 399 (140 S. W. 278, L. R. A. 1916 A, 999).

"The remarriage and removal to the home of her new husband does not disqualify a widow to claim and have set apart to her the exempt property of the estate of her deceased husband." *Iltz* v. *Krieger,* 104 Ore. 59, 67 (202 Pac. 409, 206 Pac. 550).

"The word widow indicates the person, not the state, and is used as synonymous with wife." *Georgia Railroad & Banking Co.* v. *Garr,* 57 Ga. 277 (24 Am. Rep. 492).

"In the general sense of mankind, and in the legal sense, though the widow remarried, she did not cease thereby to be the widow of the deceased husband." *Hansen* v. *Brann & Stewart Co.,* 90 N. J. Law, 444 (103 Atl. 696).

"There is considerable authority holding that the term (widow) may, when used in a statute, be applied to a woman who, though a widow of her former

husband, has remarried." *In re McArthur's Estate,* 210 Cal. 439, 442 (292 Pac. 469, 72 A. L. R. 1318).

"The word 'widow,' * * * refers to the person and not to her state or condition, whether she remains a widow or marries again." *Mathews* v. *Marsden,* 71 Mont. 502, 510 (230 Pac. 775).

A woman by contracting a second marriage does not cease to be a widow within the meaning of the statute governing descent and distribution. *In re McArthur's Estate, supra.*

We think the trial judge arrived at a correct conclusion.

Judgment affirmed, with costs.

Butzel, C. J., and Wiest, Bushnell, Sharpe, and McAllister, JJ., concurred. Chandler, J., did not sit. North, J., took no part in this decision.