# Richmond

## TILLIE BIGGERSTAFF WATERS v. L. C. HARRELL, JR., ADMINISTRATOR, ETC.

March 5, 1945.

Record No. 2881.

Present, All the Justices.

The opinion states the case.

*Hodges & Dortch*, for the plaintiff in error.

*William Old*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Ranson S. Biggerstaff, appellant's son, a member of the armed services of the United States, was instantly killed on December 27, 1942, when an automobile, in which he was a passenger, was struck by a train operated by the Atlantic Coast Line Railway Company. L. C. Harrell, Jr., qualified as administrator of his estate, and instituted this action against the railway company, for the death of his intestate by wrongful act. Virginia Code, 1942, (Michie), sections 5786, 5787, and 5788.

On March 31, 1944, a jury returned a verdict against the railway company in the sum of $5,000, and by its verdict apportioned the recovery as follows:

"We, the jury, apportion the damages of $5,000.00 equally between the widow of the decedent and his widowed mother."

Lenore Biggerstaff, the widow of the decedent, thereupon moved the court to set aside so much of the verdict as apportioned one-half of the recovery to the widowed mother of the decedent, and to order the payment of the entire

amount to her as his widow. This motion was taken under advisement, and the case continued.

On April 18, 1944, the appellant, Tillie Biggerstaff Waters, the mother of the decedent, tendered her position to the court, praying that she be admitted as a party defendant to the cause, and that the court overrule the motion of Lenore Biggerstaff and approve and confirm the verdict of the jury. Her petition alleged the following facts:

That Tillie Biggerstaff Waters was, on September 26, 1900, married to Joseph Biggerstaff, of which marriage union Ranson S. Biggerstaff, the decedent, was born November 4, 1908; that Joseph Biggerstaff, her husband, died October 8, 1914, and she thereafter, on July 4, 1923, married John R. Waters; that she was granted an absolute divorce from John R. Waters at the September term, 1940, of the Superior Court of Mecklenburg County, North Carolina, a court of competent jurisdiction; that the decedent was married to Lenore Biggerstaff at the date of his death on December 27, 1942; and that no children were born of the marriage of the decedent to Lenore Biggerstaff.

The court granted the motion of Tillie Biggerstaff Waters to file her petition, and thereupon heard her evidence *ore tenus* in support of the allegations therein. The cause was then continued to May 4, 1944, on which date the court being of opinion that Tillie Biggerstaff Waters "by virtue of her remarriage to John Waters prior to the death of the decedent, was not the widowed mother of the said decedent, as contemplated by the death by wrongful act statute," set aside so much of the jury's verdict as awarded one-half of the recovery to decedent's mother, and awarded the entire amount of the recovery, $5,000, to decedent's widow. Appellant duly objected and excepted.

The facts stated in the petition of Tillie Biggerstaff Waters are undisputed. The sole issue involved is whether Tillie Biggerstaff Waters was, within the purview of Virginia Code, 1942, (Michie), section 5788, the "widowed mother" of Ranson S. Biggerstaff, decedent, at the time of his death on December 27, 1942.

The appellant contends, first, that once she became the "widowed mother" of the decedent, she remained forever his "widowed mother," regardless of her status thereafter, and, second, that her absolute divorce from John R. Waters two years prior to the decedent's death changed her status from that of a married person to the status she occupied before her marriage to Waters.

On behalf of the appellee, it is contended that a widow is a woman who has lost her husband by death and has not married again.

The facts present a case of first impression in Virginia. Its solution depends upon a construction of Virginia Code, 1942, (Michie), section 5788, the pertinent portion of which reads as follows:

" * * * The amount recovered in any such action shall be paid to the personal representative, and after the payment of costs and reasonable attorney's fees, shall be distributed by such personal representative to the surviving wife, husband, child and grandchild of the decedent; or if there be no such wife, husband, child or grandchild, then to the parents, brothers and sisters of the decedent in such proportions as has been ascertained by the judgment of the court, and shall be free from all debts and liabilities of the deceased; but if there be no such wife, husband, child, grandchild, parent, brother or sister, the amount so received shall be assets in the hands of the personal representative to be disposed of according to law. This and the preceding sections are subject to this proviso: Where the decedent has left a *widowed mother* and also a widow, but no child or grandchild, the amount recovered shall be divided between the *mother* and the widow in such proportion as the jury or court may direct. (Code 1887, sec. 2904; 1904, p. 110.)" (Italics supplied).

The original Act conferring upon a personal representative the right to recover damages for wrongful death of a decedent was enacted January 14, 1871 (Acts 1870-71, chapter 29, page 27). The three sections of the Act appear in Virginia Code, 1887, as sections 2902, 2903, and 2904, and with

certain amendments in Virginia Code, 1942 (Michie), as sections 5786, 5787, and 5788. The only amendment with which we are concerned is the amendment of section 5788 in 1904, (Acts 1904, chapter 64, page 110) whereby there was added the proviso at the end of that section.

The 1904 amendment to section 5788 made a definite change affecting the right of certain beneficiaries to share in recoveries thereunder. Before the amendment, the decedent's widow, there being no children or grandchildren, was entitled to the full amount.

The words "widowed mother" and "mother" are most significant in that they identify the person to share, under the circumstances set out in the amendment. Lexicographers give several definitions of the word "widow." The question here is not which of these definitions is correct, but what is the legal import, meaning, effect, and object of the words "widowed mother," that is, a determination of the intention of the legislature as to the consequences to flow from certain circumstances and relations, as gathered from a comprehensive construction of the statute, in conjunction with other statutes affecting like persons and subjects.

Tillie Biggerstaff Waters is, and was, the mother of the decedent at the time of his death, on December 27, 1942. She had been made a "widowed" person by the death of her husband, the decedent's father, on October 8, 1914. No act of hers or of man can overcome the fact of her motherhood, or the fact that she became a "widowed mother" upon the death of her first husband. Her subsequent marriage to Waters on July 4, 1923, made her the wife of Waters, but Waters married the "widowed mother" of decedent. Though the wife of another, she was also the widow of her first husband, and thus the "widowed mother" of the decedent. While laws may be enacted affecting the rights of a widow in the event of her remarriage, the absence of such legislation leaves a widow entitled to the rights granted her as such, rights unaffected by her subsequent marriage.

The right of the "widowed mother" of the decedent

is not based on dependence. Her right, like that of each of the named classes of beneficiaries, was based upon her relationship to the decedent. The statute deals with the "widowed mother's" right to an apportionment of the amount of the recovery without regard to her son's bounty. Her remarriage has nothing to do with the rights of persons whom the statute undertakes to benefit, in the absence of an express provision of law affecting such rights.

If the legislature had intended the right which they gave to the "widowed mother" to abate upon her remarriage, it could easily have said so by adding appropriate words. In "The Virginia Workmen's Compensation Act" the dependence of a widow or widower is expressly declared to terminate upon remarriage. Virginia Code, 1942, (Michie), section 1887(40).

▮▮ The right of Tillie Biggerstaff Waters to share in the recovery was fixed by the events that occurred,—the birth of her son and the death of her husband prior to her son's death. These events identified her as standing in the relationship of the "widowed mother." It is a person bearing that relationship, which the proviso of Code, section 5788, includes as a beneficiary.

The courts have generally, in construing the word "widow," held that remarriage does not destroy the status of a woman as a widow, either in the general sense of mankind or in a legal sense, in the construction of statutes relating to actions for wrongful death, descent and distribution, dower, taxation, and other statutes affecting like persons and subject matter. It is said that "widow" as used in such statutes refers to the person and not to the state or condition of the woman, whether she remains a widow or marries again. *Georgia R., etc., Co.* v. *Garr*, 57 Ga. 277, 24 Am. Rep. 492; *In re Ray's Estate*, 13 Misc. 480, 35 N. Y. S. 481; *Davis* v. *Neal*, 100 Ark. 399, 140 S. W. 278, L. R. A. 1916A, 999; *Hansen* v. *Brann, etc., Co.*, 90 N. J. L. 444, 103 A. 696; *In re Rhead's Estate*, 288 Mich. 220, 284 N. W. 706; Anno. 72 A. L. R. 1324; *In re McArthur's Estate*, 210 Cal. 439, 292 P. 469, 72 A. L. R. 1318.

Some decisions from Pennsylvania and Louisiana apparently hold to the contrary; but they are in a small minority.

The conclusion which we have reached makes it unnecessary to consider appellant's second contention as to the effect of the absolute divorce she secured from Waters prior to the death of her son.

For the reasons stated, we are of opinion that the trial court erred in setting aside so much of the verdict of the jury as awarded one-half of the recovery in this case to Tillie Biggerstaff Waters, the "widowed mother" of the decedent, and awarded the entire recovery to Lenore Biggerstaff, the widow of the decedent.

The judgment of the trial court is reversed and set aside, the verdict of the jury reinstated, and a final judgment entered here accordingly.

*Reversed and final judgment.*