ROBBINS MUSIC CORP. v.
WEINSTOCK et al.

United States District Court.
S. D. New York.

June 17, 1952.

Abeles & Bernstein, New York City (Julian T. Abeles, New York City, of counsel), for plaintiff.

William R. Berkson, New York City, for defendant, Robert S. Weinstock.

CONGER, District Judge.

Action for copyright infringement and unfair competition.

Plaintiff is asking for a preliminary injunction enjoining defendant, pending the final hearing and determination of the case from infringing the copyright of its musical composition entitled "I'm In The Mood For Love" and for incidental relief.

The complaint alleges [and there is no denial in the opposing affidavits] that prior to July, 1935 Jimmy McHugh and Dorothy Fields created and wrote an original musical composition entitled "I'm In The Mood For Love"; that the said Jimmy McHugh and Dorothy Fields prior to July 10, 1935 duly assigned to plaintiff, a music publisher, the said musical composition and the right to secure copyright thereof in its name; that in July, 1935 plaintiff applied for copyright of the said musical composition and did succeed and did receive from the Registrar of Copyrights a certification of registration under date of July 12, 1935; that since on or about that date plaintiff has published said musical composition and has licensed its use mechanically by others; that since July 11, 1935 plaintiff has been and still is the sole proprietor of all the rights, title and interest in said musical composition.

Plaintiff contends and alleges that after July 11, 1935 defendant infringed said copyrighted musical composition by manufacturing and putting on the market, without consent of plaintiff, certain phonograph records, versions of plaintiff's musical composition under the titles of "I'm In The Mood For Love", "Mood For Love" and "Moody Mood For Love", and which versions plaintiff claims were copies largely from plaintiff's musical composition.

There seems to be only one defendant here, Robert S. Weinstock, who conducts his business under the firm names and styles of Prestige Record Company and Prestige Musical Co.

Defendant is in the music publishing business and part of his business is the manufacturing and selling of phonograph records. Defendant admits that he did sell to the public the records complained of.

Plaintiff complains of the record placed on the market by Prestige Record Company bearing No. 703 and entitled "I'm In The Mood For Love" which defendant alleges was a composition by James Moody and was recorded by him and his band.

■ In its moving papers plaintiff asks for a preliminary injunction against the further exploitation of this record. On the argument before me my recollection is that relief on this motion is only directed against those records that contain lyrics. This record is a reproduction of only instrumental music with no words. As a matter of fact the information before me is too meager to base an opinion as to the alleged infringement of plaintiff's song by this record.

I shall confine myself to a consideration of those alleged infringing records known as the Pleasure records with the titles:

"Mood For Love"—King Pleasure
　　　　　　　Vocal with Teacho
　　　　　　　and Band

"Moody Mood For Love"—King Pleasure
　　　　　　　Vocal with Teacho
　　　　　　　and Band

■■ While an injunction is a powerful and extraordinary remedy, still there are

times when its use is justified. In cases of infringement of copyright, an injunction has always been recognized as a proper remedy because of the inadequacy of the legal remedy—where the plaintiff has made a prima facie case in regard to the existence of the copyright and its infringement, temporary injunction will, as a general rule, be issued. American Code Co. v. Bensinger, 2 Cir., 282 F. 829.

█ The whole picture here indicates to me that plaintiff has made out a prima facie case of infringement of the lyrics of the chorus of its song by the lyrics in the so-called Pleasure records.

█ Plaintiff's song has had a great deal of success. Since its publication it has been used and featured in a number of outstanding motion picture productions. I can take judicial notice of the fact that it has been and is a well-known and popular piece.

Plaintiff's chorus consists of sixteen lines. The theme of the chorus and the sentiment follows the title "I'm In The Mood For Love."

Defendant's song has many more lines. In fact it is a melange of words. It has no particular pattern or arrangement. One might call it patter. Yet, the theme of each piece is the same, and carries out the same sentiment and interspersed through the Pleasure records are lines from Plaintiff's chorus [at least 10 or perhaps 12]; not always an exact reproduction but almost identical, always with the same thought and in the same continuity as found in plaintiff's chorus. For example, I quote from plaintiff's song:

> "Heaven is in your eyes
> Bright as the stars we're under—"

Defendant's song:

> "Heaven is in your eyes
> Bright as the stars that shine
> above us—"

and again:

Plaintiff's song:

> "If there's a cloud above
> If it should rain we'll let it—"

Defendant's song:

> "If there's a cloud up above us
> Go on and let it rain—"

Then, of course, there are the titles "Mood For Love" and "Moody Mood For Love." They seem to be nothing but an attempt to imitate the title of plaintiff's song.

I might hesitate on the above facts to grant a temporary injunction here, particularly if the author of the song complained of came forward and stated that his song was his own original composition, arrived at honestly and without any aid or help from plaintiff's piece. However, we find a different situation here.

The alleged or claimed author of the alleged offending song, King Pleasure, has made an affidavit in this proceeding for plaintiff in which he states that his song was a revision of plaintiff's song. Among other things, in referring to his song, he states, " * * * I sang my own revision of the lyrics of the song 'I'm In The Mood For Love', published by Robbins Music Corporation to an instrumental recording made by James Moody and his band for Prestige Record Co. of 754 Tenth Avenue, New York City."

Defendant takes issue with this and denies the statements made by King Pleasure in his affidavit and ascribes to him a dishonest motive in the giving of the affidavit. I am not attempting to make a finding as to who is right in the controversy between these two. I am giving faith and credit to that part of King Pleasure's affidavit in which he states that his song is nothing but a revision of the lyrics of the chorus of plaintiff's song, because that is exactly what it appears to me to be.

█ Plaintiff is entitled to the relief asked for herein as to the records of defendant which contains lyrics. I am not passing nor considering the record which contains only instrumental music. My holding is only directed to the lyrics, which I hold infringe.

When the order is settled, the terms of the temporary injunction will be determined.