**EDWARD B. MARKS MUSIC CORP. v. BORST MUSIC PUB. CO., Inc. et al.**

Civ. A. 289–50.

United States District Court
D. New Jersey.

March 3, 1953.

As Amended March 26, 1953.

Samuel M. Hollander, Newark, N. J., Arthur E. Garmaize, New York City, for plaintiff.

Bernard W. Schnur, Newark, N. J., David P. Siegel, New York City, for defendants.

MODARELLI, District Judge.

This is the case of In the Baggage Coach Ahead v. Baggage Coach Ahead. It involves plagiarism, naughtiest of literary vices, which has had a long and dishonorable career.[1] The complaint was originally brought under the Copyright Act by Edward B. Marks Music Corporation v. Borst Music Publishing Co. Inc., a corporation, Arthur Borst, Cyrus Borst and Coleman Records, Inc., a corporation, alleging infringement of the old popular ballad "In the Baggage Coach Ahead." The controversy between the plaintiff and defendant, Coleman Records, Inc., has been amicably adjusted and an order of dismissal entered. Defendants, Borst Music Publishing Co. Inc., Arthur Borst, and Cyrus Borst, filed

---

1. Alexander Lindey's "Plagiarism and Originality."

a counterclaim. No evidence was presented as to the counterclaim and no reference has been made to them in the briefs; consequently the counterclaim is deemed to have been abandoned.

The music and lyrics of the piece were composed of Gussie L. Davis, a pullman porter. A History of Popular Music in America, by Sigmund Spaeth, p. 267. Read 'Em and Weep, by the same authority, p. 153. Blue Book of Tin Pan Alley, by Burton, p. 26. This fact was further substantiated by the testimony of a friend and contemporary of the composer. Mr. Davis assigned the composition to Howley Haviland & Co., publishers, who, on August 20, 1896, obtained a copyright on the words and music, which under the act extended for a twenty-eight-year term.

The widow of the author, Lottie Davis Smith, now deceased, applied for and obtained a renewal copyright on July 23, 1924, pursuant to the Copyright Act of March 4, 1909:

"* * * the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then the author's executors, or in the absence of a will, his next of kin shall be entitled to a renewal and extension of the copyright in such work for a further term of twenty-eight years * * *." Title 17 U.S.C. § 24 note.

The renewal application was registered in the United States Copyright Office and a certificate issued by the Register of Copyrights.

Lottie Davis Smith by agreement dated November 20, 1924, assigned her renewal rights in the song to Edward B. Marks in return for certain royalty concessions. The signature of Lottie Davis Smith was witnessed by one Max Sharks and her acknowledgment taken before a notary public. The assignment was recorded in the Copyright Office on February 17, 1925. Edward B. Marks in turn assigned his rights to "In the Baggage Coach Ahead" to the Edward B. Marks Music Corporation, the plaintiff in this action, on July 1, 1932. This assign-ment was recorded in the Copyright Office on July 2, 1932.

The allegations of infringement focus upon the lyrics of a song entitled "Baggage Coach Ahead," for which the defendant, Arthur Borst, claims he composed both music and lyrics during 1947. He obtained a copyright October 23, 1947, and assigned the rights to defendant Borst Music Publishing Co., Inc., on May 27, 1949. The assignment was recorded that same year with the United States Copyright Office.

■ The protection afforded literary or musical property by the copyright law differs in substantial respect from that afforded the patentee under the patent law. The originator of a patentable article is protected against infringements even as against a subsequent originator who had no notice of the patented article. In the realm of copyrights, however, each originator has a property right in his artistic achievement and the complainant must bear the burden of establishing that the defendant was guilty of plagiarism; access to plaintiff's work must be shown. Twentieth Century-Fox Film Corp. v. Dieckhaus, 8 Cir., 1946, 153 F.2d 893, 894.

■ The plaintiff's property, "In the Baggage Coach Ahead," enjoyed considerable popularity during the first two decades of this century; it acquired folk song notoriety. Even in recent years it has been classed as a steady seller. A History of Popular Music in America, Sigmund Spaeth, p. 268. Blue Book of Tin Pan Alley, Burton, pp. 26, 27. The probability that Arthur Borst either consciously or unconsciously had access to the lyrics is great. Plaintiff submitted four books of songs all published by it containing the original music and lyrics as written by Gussie L. Davis. These song books enjoyed wide publicity and distribution prior to the date upon which defendant allegedly was inspired to compose a like ballad. Mountainside Melodies, 1934, p. 10. Time to Sing, 1938, p. 10. Along Memory Lane, 1941, p. 29. Memories of the Gay Nineties, 1942, p. 22.

In addition, an examination of the lyrics of the two songs leaves no doubt in my mind

that the second composition was not original but was taken directly from the verses set down by Gussie L. Davis. The title of defendants' song differs only in that the words "In the" were dropped from Davis' title. The verse and refrain of the two songs have a line for line identity, varied only by occasional substitution of synonymous words.[2]

2. A line for line comparison of the lyrics of the two songs will serve to illustrate their striking similarity:

Plaintiff's Composition
"In the Baggage Coach Ahead"

"On a dark stormy night, as a train rattled on,
All the passengers had gone to bed,
Except one young man with a babe on his arm,
Who sat there with a bowed-down head,
The innocent one commenc'd crying just then,
As tho' its poor heart would break,
One angry man said, make that child stop its noise,
For your keeping all of us awake.
'Put it out' said another,
Don't keep it in here,
We've paid for our berths and want rest,
But never a word said the man with the child,
As he fondled it close to his breast
Where is its mother go take it to her
This a lady then softly said
'I wish that I could' was the mans sad reply,
But she's dead, in the coach ahead.

While the train rolled onward a husband sat in tears,
Thinking of the happiness, of just a few short years;
For baby's face brings pictures of a cherished hope that's dead
But baby's cries can't waken her
In the baggage coach ahead.

Ev'ry eye filled with tears when his story he told,
Of a wife who was faithful and true,
He told how he'd saved up his earnings for years,
Just to build up a home for two,
How, when Heaven had sent them this sweet little babe,
Their young happy lives were blessed,
In tears he broke down when he mentioned her name,
And in tears tried to tell them the rest,

Ev'ry woman arose to assist with the child,

Defendants' Composition
"Baggage Coach Ahead"

"One dark stormy night, as the train rolled along,
All the passengers were gone to bed
Except one young man, with a babe in his arms,
As he sat with a bowed down head.
The innocent one began crying just then,
As tho' its poor heart would break,
When an angry man said: 'Make that child stop its noise,
Because it's keeping all of us awake.'
Put it out said another, don't keep it in here,
We have paid for our berths and want rest.
But never a word, said the man with the child,
As he held it close to his breast.
Oh, where is its mother go take it to her,
A lady so softly said,
I wish that I could was the young man's reply,
But she's dead in the coach ahead.

As the train rolled onward, the husband sat in tears,
Thinking of the happy days of just a few short years.
Baby's face brings pictures of a childish face that's dead,
But baby's cries can't waken her,
She's in the coach ahead.

Ev'ry woman arose, from the story he told,

The rhythm is the same. The story and sequence are identical. There is but one notable variation, defendant omits one entire stanza of Davis' composition. The testimony of Arthur Borst and his witnesses is not of a character sufficient to offset this patent similarity of verse. This court finds that defendants have infringed plaintiff's rights in Davis' composition. Robbins Music Corp. v. Weinstock, D.C.S.D.N.Y.1952, 107 F.Supp. 102.

■ Plaintiff's title to the Davis' composition is questioned by defendants. Assignment of a copyright in general terms does not include conveyance of renewal interests. These must be specifically set forth in the assignment. Fred Fisher Music Co. v. M. Witmark & Sons, 1942, 318 U.S. 643, 653, 63 S.Ct. 773, 87 L.Ed. 1055; Silverman v. Sunrise Pictures Corp., 2 Cir., 1921, 273 F. 909, 19 A.L.R. 289; White-Smith Music Pub. Co. v. Goff, 1 Cir., 1911, 187 F. 247. The assignment of the original copyright to Howley Haviland & Co. has not been shown to have included the renewal rights.

■■ In the absence of a showing of Davis' intention to assign renewal rights either by evidence or implication from evidence, those rights are deemed preserved. The Certificate and Record of Death submitted on plaintiff's case indicates that the author died in 1899. Under Section 24 of the Copyright Act, Title 17 U.S.C., therefore, the widow or children gain the right to a renewal extension of the copyright.

Defendants' submit that William Davis, a brother of Gussie L. Davis, applied for renewal rights one day earlier than did Lottie Davis Smith. This fact does not impair the widow's right to renewal; by the terms of the statute, the rights of the next-of-kin are non-existent if the widow lives.

Defendants contend that the person who applied for and obtained the renewal copyright under the name of Lottie Davis Smith was not in fact that person and was not the widow of Gussie L. Davis. Defendants make the same contentions as to the assignment of renewal rights to plaintiff.

■ A certificate of copyright registration is *prima facie* evidence of title and of all that appears on the face of the certificate. A significant fact which tends to disprove defendants' contention that Mrs. Smith was not the widow of Gussie L. Davis is that the latter's brother who filed the earlier application for renewal rights apparently entered no protest to the application filed by Lottie Davis Smith. It would seem likely that the brother would have been quick to object to the granting of the renewal rights to Lottie Davis Smith if she were not Gussie L. Davis' widow.

"The plaintiff made a prima facie case of title, and the burden of going forward with evidence to show that plaintiff's title was defective then shifted to defendant * * * defendant's denial upon information and belief cannot be regarded as evidence overcoming

There were mothers and wives on that train,

And soon was the little one sleeping in peace,
With no thoughts of sorrow and pain

There were husbands and wives on the train.

His voice seemed to break, as he mentioned her name,
And the tears that he shed were in vain.

Next morn' at a station he bade all good bye
'God bless you,' he softly said
Each one had a story to tell in their home,
Of the baggage coach ahead."

Next morning at the station, they bid him good-bye,
God bless you, they sobbingly said,
Each one had a story to tell in their homes,
of The Baggage Coach Ahead."

plaintiff's prima facie case." Gerlach-Barklow Co. v. Morris & Bendien, 2 Cir., 1927, 23 F.2d 159, 161.

To like effect: Houghton Mifflin Co. v. Stackpole Sons, Inc., 2 Cir., 1939, 104 F.2d 306, 311; Edward B. Marks Music Corp. v. Wonnell, D.C.S.D.N.Y.1945, 61 F.Supp. 722, 725; Remick Music Corp. v. Interstate Hotel Co. of Nebraska, D.C.Neb.1944, 58 F.Supp. 523, 531; Freudenthal v. Hebrew Pub. Co., D.C.S.D.N.Y.1942, 44 F.Supp. 754, 755.

The signatures of Lottie Davis Smith on the first assignment of November 20, 1924, and the two subsequent agreements of June and July 1940 are obviously made by the same hand. The signature appears to have been written with that care and deliberateness which characterize the hand of a largely illiterate person. The only pertinent evidence defendants submit to substantiate their charges is a handwritten letter from Lottie Davis Smith to Edward B. Marks Music Corporation dated October 7, 1923. The letter is written in a handwriting clearly not the same as the signatures affixed to the agreements between Lottie Davis Smith and the plaintiff. But this alone is insufficient to overcome the presumption of validity which attaches to those documents. The letter may well have been written for Mrs. Smith by a more literate party. Such a practice is not uncommon. The letter bears no identification that the person writing the letter was Mrs. Smith herself. The assignments on the other hand were made before witnesses on a legal document and were acknowledged before a notary public in each instance.

 Defendants contend further that as Davis' wife remarried she lost her widow's rights to a renewal copyright. No such restriction is expressed or implied in the wording of the Act nor does any recorded case under the Act lend support to the theory. Authority to the effect that a woman who remarries retains her status as widow of her first husband abounds in analogous branches of law. See for example: Trathen v. United States, 3 Cir., 1952, 198 F.2d 757, National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq., Hansen v. Brann & Stewart Co., 1917, 90

N.J.L. 444, 103 A. 696, Workmen's Compensation Act. Petition of United States, D.C. S.D.N.Y.1950, 92 F.Supp. 495, Jones Act, 46 U.S.C.A. § 688. The City of Rome, D.C. S.D.N.Y.1930, 48 F.2d 333, Death on the High Seas Act, 46 U.S.C.A. §§ 761, 762. In re Rhead's Estate, 288 Mich. 220, 284 N.W. 706 (Descent & Distribution).

And so, having found as I did above that the defendants Borst Music Publishing Co. Inc., Arthur Borst and Cyrus Borst have infringed the plaintiff's lyrics, there remains only the question of relief. The plaintiff may take the usual injunction against the defendants jointly and severally. The defendants are required to deliver up for destruction all infringing copies and all plates and other devices for making such infringing copies. In the absence of any proof of any actual damages as a result of defendants' infringement, statutory damages in the sum of $250 are awarded to plaintiff on each of the infringements. The plaintiff is likewise entitled to a full bill of costs, but I will make no allowance of counsel fees, since that is discretionary.

An appropriate judgment may be submitted in conformity with the opinion herein expressed.