ELLEN OLSEN HANSEN, ADMINISTRATRIX OF ALF OLSEN. DECEASED, PROSECUTRIX, v. THE BRANN & STEWART COMPANY, RESPONDENT.

Submitted December 7, 1916—Decided June 7, 1917.

1. The amendment of 1913 (*Pamph. L.*, p. 302), amending paragraph 12 of the Workmen's Compensation act of 1911 (*Pamph. L.*, p. 134), provides that if the widow of a deceased employe remarry during the period covered by weekly payments, the right of the widow "under this section shall cease." *Held,* that a widow,

whose husband was killed prior to the passage of the amendment of 1913, leaving her as his sole dependent, acquired a vested right to compensation during three hundred weeks, which could not be legally abridged by subsequent legislation, and did not, by her subsequent remarriage, forfeit her right to recover compensation payments for the full period fixed by the statute.

2. Though a widow remarried, she did not thereby cease to be the widow of the deceased husband.

On *certiorari.*

Before Justices Swayze, Minturn and Kalisch.

For the prosecutrix, *Pierson & Schroeder.*

For the respondent, *Lindabury, Depue & Faulks* (*John W. Bishop, Jr.,* and *Kinsley Twining* on the brief).

The opinion of the court was delivered by

Kalisch, J. The facts in this case present the single question whether under the Workmen's Compensation act of 1911 a widow, whose husband was killed prior to the passage of the amendment of 1913, amending paragraph 12 of the act of 1911, leaving her as his sole dependent, forfeits her right to receive compensation payments for the full period fixed by the statute by a remarriage.

The amendment of 1913 referred to provides that if the widow of a deceased employe remarry during the period covered by weekly payments the right of the widow "under this section shall cease."

The principal facts found by the trial judge are succinctly stated, in his opinion, as follows: "Alf Olsen, on the 27th day of September, 1911, while in the employment of the respondent, received injuries by an accident arising out of and in the course of his employment which resulted in his death a few days later. At the time of the accident he was in receipt of wages at the rate of $21 a week. He left no dependent surviving him except his widow, the petitioner herein, to whom letters testamentary were issued. The respondent, admitting its liability, made payments to her as a

dependent under the Workmen's Compensation act, at the rate of $5.25 a week up to November 11th, 1914. On November 25th, 1914, the petitioner was married to her present husband, Harold Hansen, with whom she is now living, and by whom she is now supported."

After remarriage, respondent refused to continue the weekly payments, disputing the right of the petitioner thereto because of her remarriage. Thereupon the petitioner filed her petition in the Court of Common Pleas, in order to have that tribunal settle the dispute between them. The respondent, in its answer to the petition, admitted its liability to make compensation under the statute, but claimed that its liability ceased upon the petitioner's remarriage. By the act of 1911 the compensation in case of death shall be paid during three hundred weeks.

It also appeared that the respondent paid the petitioner the fixed weekly compensation for one hundred and thirty-nine weeks, leaving one hundred and sixty-one weeks to be compensated for under the statutory schedule. The trial judge found that the petitioner was not entitled to recover compensation for any period of time after the date of her remarriage, and that her right to compensation ceased upon such remarriage.

In reaching this conclusion the trial judge erred. This case must be dealt with under the provisions of the act of 1911. If, under that act, the petitioner, upon the death of her husband, was entitled to compensation during three hundred weeks, she acquired a vested right, which could not be legally abridged by subsequent legislation. The amendment of 1913, therefore, which cuts off the widow's right to compensation, upon remarriage during the period covered by weekly payments, can have no bearing upon the construction to be given to the act of 1911, except as evidencing a change of the legislative mind, in respect to what shall happen to an award of compensation made after the passage of the amendment to a widow who subsequently remarried and pending the period of weeks for which compensation was to run.

It is obvious, from a plain reading of the act of 1911, that

the legislature provides for an award of compensation to a widow without any condition annexed. Therefore, in order to give the construction contended for by counsel for respondent, we would be forced to read into this act the condition contained in the amendment of 1913, which, as has been already pointed out, is clearly not permissible.

It is a matter of pertinent significance to the topic in hand to observe that where the legislature intended to subject an original award to a change by the court during the period of weeks for which it was to run, it expressly provided for such contingency; and it is strikingly noticeable that the authority to make a change in the award is limited, firstly, as to time—that is, after one year when the award became operative, and secondly, to cases of living injured employes, and then only "on the ground that the incapacity of the injured employe has subsequently increased or diminished." *Pamph. L.* 1911, *p.* 143, second clause of paragraph 21.

If we seek further for the intention of the legislature, whether or not it was its design that the widow should have a vested interest in the award at the time it is made, we readily find it expressed that she should have such vested interest in section 2, paragraph 21, page 143 of the act of 1911, which paragraph authorizes the trial judge to commute the "amounts payable periodically" to one or more lump sums.

As to the insistence of counsel for respondent that since the act provides that the weekly payments shall be made to the widow, therefore, when the petitioner remarried she ceased to be widow, under the statute, to whom the payments should be made, we think is without merit.

In *Clay* v. *Edwards,* 84 *N. J. L.* 221, this court held that the phrase "husband of a daughter," in a statute exempting from inheritance taxation property passing to the husband of a daughter, includes within its meaning the surviving husband of a deceased daughter, even though he subsequently remarried.

So, in the present case, the legal status of the widow, upon marriage, did not change so as to affect any vested rights she had acquired before her remarriage.

And, moreover, in the general sense of mankind, and in the legal sense, though the widow remarried, she did not cease thereby to be the widow of the deceased husband.

The views herein expressed bring us to the conclusion that the widow is entitled to have the weekly payments paid her for the entire period of three hundred weeks, and that the judgment of the court below should be reversed and the record remitted, to the end that it may be proceeded upon according to law. The prosecutrix is entitled to costs.