GEORGE DAWSON, PROSECUTOR, v. BOROUGH OF RUTH-
ERFORD, NEW JERSEY, ET AL., DEFENDANTS.

Submitted January 26, 1934—Decided June 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Joseph C. Paul.*

For the defendants, *Edwin Joseph O'Brien.*

PER CURIAM.

This writ of *certiorari* brings up the action of a deputy commissioner of compensation in dismissing prosecutor's petition for compensation.

The facts are that prosecutor was employed by the borough of Rutherford at its sewage disposal plant under the poor relief plan in effect in that municipality, receiving his pay in food, fuel, clothing and rent. On October 19th, 1932, while so employed he received an injury, which admittedly arose out of and in the course of his employment, which injury resulted in the loss of the sight of one eye. The defendant and its insurance carrier, recognizing the right of prosecutor to compensation, provided medical attention and paid prosecutor temporary compensation for a period of twenty-six weeks.

On March 29th, 1933, there was approved chapter 81 of the laws of 1933, which declares that all such employments as that of prosecutor shall, for the purpose of the question of determining liability for compensation, be deemed to be casual employments. A companion statute, chapter 162 of

the laws of 1933, provides that when an injury is received by one working under the emergency relief, application for compensation may be made to the state director of emergency relief. The amount, terms and conditions of any such award are made discretionary with the state director, with the limitation that the award shall in no case be greater than it would be for a similar injury under the Workmen's Compensation law.

When these statutes became effective, the insurance carrier for the borough stopped paying prosecutor compensation. He thereupon filed a petition in the compensation bureau, which petition was dismissed because of *Pamph. L.* 1933, *ch.* 81, above mentioned, which made such an employment casual.

The question for decision is whether these statutes can be given a retrospective effect, defendant's contention being that there is no impairment of the obligation of a contract but a mere change in the remedy afforded the workman.

It is clear that a statute may not be given retrospective effect so as to impair the obligation of a contract. *Thomas Deegan* v. *Morrow,* 31 *N. J. L.* 136; *Citizens Gas Light Co.* v. *Allen,* 44 *N. J. L.* 648, 653.

At the time of the passage of these statutes the prosecutor, provided he had suffered an injury of compensable nature, which must be assumed for the purposes of this case, had a definite right to receive from his employer, or its insurance carrier, the amount fixed by the Workmen's Compensation act as compensation for such an injury to one in his circumstances. He likewise had a right to be represented by counsel in pressing his claim, and, if successful, to have counsel fees paid by the employer. It cannot be said that *Pamph. L.* 1933, *ch.* 162, merely changes his remedy. By that act he is entitled to such sum as the state director of relief in his discretion awards him. He is deprived by section 4 of the right to have his counsel paid by the employer, if he succeeds in establishing his claim. It thus appears that the contract which was established by law between him and his employer upon the happening of the accident and the determination of the injuries is wiped out by the statutes under

consideration. This is a clear violation of prosecutor's constitutional rights.

The order is reversed and the case remanded with instructions to reinstate the petition and proceed to a determination upon the merits.