ROSE WATHNE, PETITIONER-DEFENDANT, v. MIDLAND CONSTRUCTION AND CONTRACTING COMPANY, RESPONDENT-PROSECUTOR.

Argued October 1, 1940—Decided December 10, 1940.

Before Justices CASE, DONGES and HEHER.

For the petitioner-defendant, *David I. Stepacoff* and *Samuel V. Convery*.

For the respondent-prosecutor, *William Wann* and *Wilbur A. Stevens*.

The opinion of the court was delivered by

CASE, J. Determination of the issue requires a construction of the phrase "at the time of accident or death" as contained in the Workmen's Compensation statute, *R. S.* 34:15-13g: "The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: * * ." Grandchildren of the employe were actual dependents, in his household, at the time of the accident. They were neither dependents nor members of the household at the time of his death. The question is whether, in the award of benefits following the employe's death, resulting from the accident, these grandchildren are to be considered dependents within the meaning of the statute. The bureau and the Middlesex Common Pleas held affirmatively. The employer reviews that decision by writ of *certiorari*.

Thomas Wathne, an employe of the Midland Construction and Contracting Company, was injured by an accident arising out of and in the course of his employment. He was awarded an allowance for partial disability. Later his condition became worse and was rated total permanent disability. Two years and three months after the injury and as a result thereof Wathne died. His daughter and the daughter's three children lived with him and were dependent upon him at the time of the accident. A year and a half before his death these persons left the household and ceased to be dependents. Nevertheless, the bureau and the Pleas accounted two of the grandchildren dependents in the award of compensation following death; this upon the theory that their status became fixed at the time of the accident to which the injury and the death are attributable.

Did the legislature intend that one or another of the parties, at whim or fancied advantage, or even the bureau or the court, should have the unrestrained power to select either the date of the accident or the date of death as the effective time in determining the identity and number of dependents? If so, who is to exercise the choice? Should we, as the prosecutor in effect argues, substitute the word "and" for "or" so that the reading shall be "at the time of accident and death?" A totally different concept from that expressed in the text? Or did the legislature mean what it said, intending that the time should be definitely in the alternative, governed, however, by known circumstance, not by anyone's volition? It is not to be loosely assumed that it was the intent of the legislature to leave to either of the parties or to the tribunal the privilege of determining by election which of the two events—accident or death—should mark the effective date of dependency. The varying rights and liabilities are too serious to read that power of election into the statute if a more certain provision is reasonably to be gathered. Also, we are under stress to give effect to all of the words of the statute as they are therein contained if that may reasonably be done.

We observe that the usual statutory provision of our sister states, as construed by the courts of the respective jurisdictions, is that dependency is determined on the facts as they

existed at the time of the injury which resulted in the employe's death. See 71 *C. J.* 534 (*pl.* 279), and cases cited in the footnote. A reading of the antecedent sections of our Compensation statute discloses that article 2, within which this litigation lies, begins by providing that compensation for personal injuries to, and compensation for the death of, an employe by accident arising out of and in the course of his employment shall be paid by the employer, and the statute proceeds to specify the schedule of payments to be made for various injuries. That is all conditioned upon an accident. The statute then directs, 34:15-12z, that in case of the death of the person from *any cause other than the accident,* during the period of payments for permanent injury, the remaining payments shall be paid to the dependents of the injured person; and for the definition of "dependents" the statute refers to section 34:15-13. 34:15-13 defines the term "dependents" as well where death results from accident arising out of and in the course of employment as where death is from other cause and also sets forth a schedule clearly intended to apply only where death comes from the accident—a schedule of rising percentages of wage on the basis of an increased number of dependents, with maximum and minimum amounts, and fixing the duration of compensation payments. Thus we have provision for (1) death due to the accident and (2) death from other cause. Upon the death of the employe payments are made upon one scale if the death arose out of the accident and upon another scale if the death was from any cause other than the accident. Where death is the result of the accident the liability of the employer, because of the number of dependents, may be increased over the earlier liability to the injured workman. The greater the number of dependents, up to and including six, the greater the death benefits. Equitably it would seem that those who are dependents at the workman's death should be the beneficiaries of the award. Practically we have the proposition that liability turns upon the accident and that the composition of the household as it then was may the more surely be assumed to have been based upon expectation of continued life and employment and not upon anticipation of death. The happening of an accident is usually with-

out foreknowledge. It cannot well be charged that the membership of the household at that time had been supplemented to create a broader base for anticipated death benefits. The statutory provision that dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of decedent's household at the time of his death does not present a reason *contra* our conclusion. Such a provision is not uncommon in jurisdictions where the status of dependency is in general determined as of the time of the accident. *Vid. Brochu's Case (Me.)*, 152 *Atl. Rep.* 535; *Gleason's Case (Mass.)*, 169 *N. E. Rep.* 409.

Having regard for the other statutory provisions to which we have called attention and for the underlying purpose and practical aspects of the Compensation statute, the words "at the time of accident or death" may be given clear meaning and rational distinction. We think that the legislative language carries out that distinction and was meant to direct that the number and identity of dependents should be determined as of the date of the accident where death arose out of the accident and as of the date of death where the death came from any cause other than the accident.

It may be thought that the awarding of benefits to or on behalf of those who have ceased to be dependents is an inequitable imposition upon the employer. That does not necessarily follow: in the present instance the grandchildren seem to have been forced out of the houseold and of their status as dependents because of the inadequacy of the award to the injured workman, during the latter's incapacity, to care for them. But if we are correct in our interpretation of the statute, that is a legislative, not a judicial, problem.

The judgment below will be affirmed, with costs.