WINIFRED C. FITZSIMMONS, PETITIONER-RESPONDENT, v. FEDERAL SHIPBUILDING AND DRY DOCK COM-PANY, DEFENDANT-APPELLANT.

Argued January 23, 1950—Decided February 27, 1950.

*Mr. William L. Dill, Jr.,* argued the cause for the appellant ·(*Messrs. Stryker, Tams & Horner,* attorneys).

*Mr. John A. Laird* argued the cause for the respondent (*Mr. David Roskein,* attorney).

The opinion of the court was delivered by

OLIPHANT, J. This appeal is taken by the defendant from a judgment of the Appellate Division, affirming, by a divided court, an award made to the petitioner by the Workmen's Compensation Bureau which had been affirmed, with modifications as to attorney's fees, by the Essex County Court.

It is conceded decedent George Fitzsimmons, on June 12, 1944, met with an accident which arose out of and in the course of his employment by defendant. This resulted in the aggravation of an existing tubercular condition from which disease he died on July 20, 1947.

At the time of the accident he, with his wife and seven children, were living together in their home in Belleville, New Jersey, and did so until August, 1944. After this date he spent considerable time in sanatoriums. There had been marital discord before and after the accident and in August of 1946 decedent was forceably ejected from his home to which he never returned. In June, 1946, he had ceased all family support.

Appellant contends the fact that the petitioner, without justifiable cause, forced her husband from the home to which he never was permitted to return defeats her claim of total dependency as defined in the statute *R. S.* 34:15–13 (g), while

petitioner asserts she could not have her husband in the house because of his disease, that he refused to take pains to prevent the contamination of his family, that her actions were for its protection and even though her husband was living apart from her at the time of his death she was a total dependent. While we cannot condone the actions of petitioner as exhibited in the record, we are not called upon to decide that factual controversy. What petitioner's status was at the time of decedent's death is immaterial.

■ Where death arises out of and ensues as the result of an accident the number and *identity* of dependents is determined as of the date of the accident. The date of the accident is the determinative factor. *Wathne v. Midland Const., etc., Co.,* 125 *N. J. L.* 473 (*Sup. Ct.* 1940). The Massachusetts courts hold likewise. In *Gleason's Case,* 269 *Mass.* 583, 169 *N. E.* 409, in construing their Workmen's Compensation Statute, *Mass. G. L., c.* 152, § 31, 32, similar to ours wherein it provides a wife living with her husband at the time of his death * * * "shall be conclusively presumed to be wholly dependent for support upon a deceased employee" the court said the "ascertainment of dependents is made as of the time of injury to the deceased employee. It cannot be made as of any other time." The *Wathne case* dealt with the status of grandchildren who had been forced out of the household and of their status as dependents due to their injured grandfather's inability to care for them prior to his death and it was conceded that at the time of Wathne's death they were neither dependents nor members of the household. Mr. Justice Case for the former Supreme Court said the awarding of benefits to those who have ceased to be dependents might seem to be an inequitable imposition upon the employer, but if so that is a legislative, not a judicial problem. We concur in that view.

The basis of the dissenting opinion in the Appellate Division is its application in this case of the tests laid down in *Alexander v. Cunningham Roofing Co., Inc.,* 124 *N. J. L.* 390, 397 (*Sup. Ct.* 1940) ; affirmed, 125 *N. J. L.* 277 (*E. & A.* 1940), in order to determine, at the date of the employee's

death, the dependency of his wife. While we hold the date of the accident is the determinative factor, as did the majority opinion below, we do no violence to the holding of the *Alexander case*. There the facts were not comparable to those exhibited here in that there at the time of the accident and death, which occurred on the same date, husband and wife were separated and she was not a member of his household.

Appellant further argues that at the time of the accident petitioner was only a partial dependent. Not so. True, she contributed $28 a week from her wages as a part-time telephone operator to a common fund for the support of the household to which her husband contributed $50 a week, but this did not constitute her a partial dependent. The law imposes upon a husband the duty of fully and wholly supporting his wife, and he does not escape this duty by reason of her working and adding to the family income and support. *Comparri v. Readding,* 120 *N. J. L.* 168 (*E. & A.* 1938); *Alexander v. Cunningham Roofing Co., Inc., supra; Koerner v. J. I. Hass Co., Inc.,* 126 *N. J. L.* 193 (*Sup. Ct.* 1941); *Holden v. Public Service E. & G. Co.,* 127 *N. J. L.* 405 (*Sup. Ct.* 1941).

The remaining question relates to attorney's fees. The contention of the appellant that the fees awarded for appearing before the County Court were without statutory sanction, in that where neither party prevails on all points costs are not allowed, is not well grounded. The appellant raised two questions on the appeal to the County Court, contending first, that the Workmen's Compensation Bureau erred in allowing benefits to the decedent's widow as a total dependent and second, that the Bureau erred in allowing a counsel fee in the amount awarded to the petitioner's attorney. The petitioner prevailed on the first point, appellant on the second. In *Kardos v. American Smelting & Refining Co.,* 132 *N. J. L.* 579 (*Sup. Ct.* 1944); affirmed, 133 *N. J. L.* 39 (*E. & A.* 1945), cited by appellant to support its position, the award itself was modified, not merely the allowance of counsel fees. It would be a harsh rule indeed to hold that the mere modification of the fees allowed operates as a denial of all fees for

successfully defending an appeal on its merits. The fees allowed by the County Court and approved by the Appellate Division appear adequate but not excessive. We find no error here.

The judgment below is affirmed.

*For affirmance*—Justices CASE, OLIPHANT, BURLING and ACKERSON—4.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER and WACHENFELD—3.