61 N.J. Super. 138 (1960)
160 A.2d 197
MARIE GOLDMANN, PETITIONER-RESPONDENT,
v.
JOHANNA FARMS, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Mercer County Court, Law Division.
Decided April 6, 1960.
Mr. Herman M. Wilson, attorney for petitioner-respondent.
Mr. Isidor Kalisch, attorney for respondent-appellant.
*139 BENNETT, J.C.C.
Eugene Goldmann was employed by Johanna Farms, Inc., as a farm manager at an agreed salary of $500 per month. On November 25, 1950 he suffered injuries by accident arising out of and in the course of his employment for which he was awarded compensation for 100% of permanent total disability (450 weeks at $25 per week, or $11,250). Included among the injuries sustained was a heart disability. Goldmann died from the residuals of this condition, August 17, 1958.
Following his death Marie Goldmann, his widow, filed a petition for dependency benefits. The Workmen's Compensation Division ruled she was entitled to such benefits and ordered payment therefor for a period of 350 weeks at $40 per week, $14,000 and allowance for burial expense of $400, pursuant to the statute in effect when she became his widow and her right to such dependency benefits came into being; R.S. 34:15-13, as amended by L. 1956, c. 141.
The appellant concedes the decedent's death is causally related to the injuries for which he was awarded compensation and that Marie Goldmann is his lawful widow and dependent as defined by R.S. 34:15-13, as amended.
The sole issue is whether such dependency benefits must be paid pursuant to the statute in effect when she became his widow, August 17, 1958, or by the statute existing on the date of Goldmann's accident, November 25, 1950.
Appellee Marie Goldmann contends: (a) her cause of action is separate and distinct from any her husband had; (b) it was not derived from any rights which he had but was a creature of the statute, Eckert v. New Jersey State Highway Department, 1 N.J. 474 (1949); (c) she had no right to dependency benefits until she became his widow, which did not occur until August 1958; her rights to such dependency benefits came into existence at that time and not before, and are therefore governed by the law in effect at that time and no other; (d) the omission of any limitation of application of the 1956 amendment to R.S. 34:15-13, that is, "This act shall take effect Jan. 1, 1957," similar *140 to that provided in the 1945 amendment, that is, "shall apply to accidents on and after Jan. 1, 1946," clearly indicates no such limitation was intended; (e) rules of statutory construction would be violated were we to invest this amendment with a restriction or limitation not expressly provided therein; (f) the purposes clearly intended by this amendment would be frustrated were we to do so.
Appellant argues that though the class of dependents and the schedule of compensation are established and identified inchoately at the time of the accident ex contractu, Wathne v. Midland Construction & Contracting Co., 125 N.J.L. 473 (Sup. Ct. 1940); Fitzsimmons v. Federal Shipbuilding & Dry Dock Co., 4 N.J. 110 (1950), the statute existing at the time of accident controls; otherwise, vested relations would be impaired; and that rules of statutory construction favor prospective effect.
While the class is established at the date of the accident, Wathne v. Midland Construction & Contracting Co., supra; Fitzsimmons v. Federal Shipbuilding & Dry Dock Co., supra, no new member was admitted to that group by the Deputy Director. Only the amount of the award was enlarged upon. Surely, as the Deputy Director states, the Legislature could establish that the rate of payments should apply as of death of the employee, and there is nothing in the amendment of 1956 which would exclude that point since it follows January 1, 1957, the effective date of the amendment. Acknowledging the power, and the absence of any statutory language which would freeze the rate of payments as of the date of accident, the answer follows that the measuring point is the date of death.
An order incorporating the award below may be entered.