70 N.J. Super. 76 (1961)
174 A.2d 759
ELIZABETH ERMOLA, PETITIONER-RESPONDENT,
v.
THE HUDSON PAINT AND VARNISH CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided June 30, 1961.
*77 Mr. Samuel E. Bass for the petitioner (Mr. Fred Freeman, attorney).
Mr. John W. Taylor for the respondent.
YANCEY, J.C.C.
The petitioner is the widow of decedent, who was an employee of respondent The Hudson Paint and Varnish Co. The decedent was last employed on December 17, 1952 as a varnish cook, in which work he handled various chemicals and oils which caused him to be exposed to noxious and irritating fumes, gases and smoke. From this exposure he developed pulmonary tuberculosis which caused him to become disabled. He was awarded compensation in his own right. On December 17, 1952, the last date of employment and exposure, the dependency benefits were to be paid at the scheduled rate for 300 weeks, and funeral allowances were set as $250 under N.J.S.A. 34:15-13. In 1957 this statute was amended to provide dependency benefits for 350 weeks and a funeral allowance of $400. The decedent died in 1958 and it was determined that his death was causally related to his employment with respondent. The Workmen's Compensation Division awarded petitioner dependency benefits at the amended rate in effect at the decedent's death, which were for 350 weeks, and funeral allowances of $400. Respondent appeals and questions the propriety of the award made pursuant to the 1957 statutory amendment, and argues that petitioner should have been awarded dependency benefits at the scheduled rate for 300 weeks and funeral allowances of $250, which were in effect on the last day of employment.
The right to compensation provided for the petitioner-appellee herein as a dependent of the deceased employee is *78 created by N.J.S.A. 34:15-13. N.J.S.A. 34:15-12 provides compensation benefits to the injured employee himself. It is well established that the rights of dependents to compensation are independent and separate, flowing to them from the Workmen's Compensation Act itself. Eckert v. New Jersey State Highway Department, 1 N.J. 474 (1949). Notwithstanding the above rule, the dependents as well as the employee must look back to the terms of the entire contract for their rights, expressed and implied by law, at and during the entire time of the employment.
The petitioner-appellee's award was based, not on N.J.S.A. 34:15-13 in effect December 1952, but on the amendment effective January 1, 1957, L. 1956, c. 141. As set forth in the respondent's brief:
"The prime issue, simply put, is  is respondent's liability for dependency benefits and burial allowance assessable by the statute in effect at the time decedent suffered his compensable occupational condition and last worked for it, in December 1952, or under the statute as it was at the time of his death in 1958, by reason of the 1957 amendment?"
It would appear that the deputy director applied the aforesaid amendment retroactively in making his decision. If this be so, it is unconstitutional in view of Art. IV, § 7, par. 3 of the New Jersey State Constitution, which states:
"The Legislature shall not pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made."
An examination of numerous appellate decisions which concern themselves with the nature of a workmen's compensation action indicate that in the early years of the operation of the New Jersey Workmen's Compensation Act, it was sometimes said that the nature of the liability was ex contractu or ex delicto or quasi-contractual. Today there is little doubt that our courts have adopted ex contractu theory. In New Amsterdam Casualty Co. v. Popovich, 18 *79 N.J. 218 (1955), at page 226, it was emphatically held that the liability under the act is ex contractu and not ex delicto. In the recent and very comprehensive opinion of Biglioli v. Durotest Corp., 26 N.J. 33 (1958), our Supreme Court premised much of its conclusion upon this principle. It refers to prior cases which likewise premise their conclusions upon the contractual relationship. In Heldrich v. American Incubator Mfg. Co., 104 N.J.L. 492 (1928), at page 495, the former New Jersey Supreme Court stated:
"The whole scheme of workmen's compensation rests upon a contractual basis whereby employer and employee voluntarily enter into a relationship carrying with it certain rights and certain obligations. These rights and obligations are necessarily agreed to in limine when the relationship of master and servant first arises."
It was further stated by the New Jersey Supreme Court in Miller v. National Chair Company, 127 N.J.L. 414, 417 (1941):
"Ours is an elective system of compensation, contractual in nature; and if, as found by the Deputy Commissioner, the then subsisting contract of service was made with defendant in this State, the rights of the parties in this behalf are governed by our Workmen's Compensation Act. By mere inaction, the parties to such a contract impliedly stipulate for the payment of compensation under Article 2 of that enactment, * * * for the consequences of an accident of the statutory class, no matter where it may occur. * * *
The adoption of that scheme of compensation does not of necessity depend upon the mutual assent of the parties, for it enters by operation of law into every contract of hiring made within this state * * *."
The contractual relationship arises at the inception of the employment relationship and continues to the last moment of employment. In this economic relationship on which the parties have contractually agreed are implicitly adopted all the workmen's compensation statutes in effect unless the parties specifically register an intention not to be bound by the terms and provisions of the act. Said statutes plus all amendments to be adopted during the period of employment become and remain a part of the employment contract as *80 long as the employment contract itself continues. The moment the expressed employment contract stops, all conditions to it implied by law also stop.
The mere statement that the rights of the dependent to compensation are independent and separate from that of the employee and flow directly from the act itself does not mean that the dependent need not go back to the entire contract of employment in effect at the time of the employment. A dependent would have no rights whatsoever under the act were it not for the existence of the employment contract. All benefits to the dependent stem from the foundation of this contract, and if we take the employment contract away, all benefits to the dependent from the statutes are suspended in mid-air. The court must apply only those statutes benefiting the dependent which were in effect at the time of employment, notwithstanding the fact that the dependent's cause of action did not accrue until after the amendment of 1956 and the death of the employee. See Gregutis v. Waclark Wire, 86 N.J.L. 610 (E. & A. 1914).
The petitioner is asking the court to sanction her cause of action which occurred in 1958 and to rely on the facts and conditions of the contract of employment which terminated on December 17, 1952, and to apply the amendment of 1956, which is a subsequent condition of the contract. The court cannot agree with this proposition. As we rely on the facts at the time of employment, we must also be controlled by the law at the same time which governed the contract. It follows, therefore, that any law enacted by the Legislature which subsequently changes the terms of the compensation obligations and is declared to be effective on a date subsequent to the date of last employment, impairs the obligation of the employment contract. To give such an amending act a retrospective effect would be to create a new contract between the employer and employee when in fact the contract between the parties has terminated.
One of the cases which petitioner relies upon is Goldman v. Johanna Farms, Inc., 61 N.J. Super. 138 (Cty. Ct. 1960). *81 The facts and question of law in that case are the same as in the case at bar. The court held that where an employee was injured in 1950 and died as a result of this injury in 1958, dependency benefits were payable to his widow pursuant to the present amendment to N.J.S.A. 34:15-13 in effect when she became a widow, rather than pursuant to the statute in effect on the date of the accident. We respectfully disagree with the results reached in the Goldman case because the constitutionality of the retrospective effect of the amendment was not even discussed. In Baur v. Court of Common Pleas of Essex, 88 N.J.L. 128 (Sup. Ct. 1915), the court had before it a situation wherein an accident occurred in 1911. A petition was filed in 1914 and a judgment of award was entered. With respect to the employee's contention that he should receive compensation benefits under the 1913 amendment and not under the 1911 law when the accident happened, the Supreme Court stated (at p. 133):
"If this be the effect of the amendment, then it is clear that it imposes a greater and different burden on the prosecutor [employer] than existed at the time his liability was incurred under the act of 1911, and to give force and effect to it [amendment] in the present case would result in a clear violation of a vested right of the prosecutor.
"The compensation to be awarded in the case at bar must be made under and according to the provisions of the act of 1911."
In Hansen v. Brann & Stewart Co., 90 N.J.L. 444 (Sup. Ct. 1917), it was held that after the death of a husband, a widow was entitled to compensation during the 300 weeks because she acquired a vested right, and the employer's obligation was fixed, so that such right and obligation could not be abridged by subsequent legislation.
The Supreme Court stated:
"This case must be dealt with under the provisions of the act of 1911. If, under the act, the petitioner, upon the death of her husband, was entitled to compensation during three hundred weeks, she acquired a vested right, which could not be legally abridged by subsequent legislation. The amendment of 1913, therefore, which *82 cuts off the widow's right to compensation, upon remarriage during the period covered by weekly payments, can have no bearing upon the construction to be given to the act of 1911 * * *"
Respondent relies upon Preveslin v. Derby & Ansonia Developing Co., 112 Conn. 129, 151 A. 518 (Sup. Ct. Err. 1930), which concerned itself with the effect of a change in benefits provided by an amendment to the compensation law following the date of injury. The court held that the employer's right of defense, which affected its substantial interests, became fixed in present enjoyment and available to it under that statute in effect at the time of the injury, and that it was a property right which rested in the employer. We need not go as far as the Preveslin case. A careful analysis of the problem does not involve the field of "vested" or "property" rights, for the problem centers strictly within the field of constitutional prohibitions against the passage of any laws which impair the obligation of contracts and applying statutes retroactively.
Our attention is drawn to Dawson v. Borough of Rutherford, 12 N.J. Misc. 567, 173 A. 147 (Sup. Ct. 1934), where the court had before it the interpretation of a workmen's compensation amendment effective in 1933, wherein it was declared that municipal employees were casual employees. The petitioner was employed by the Borough of Rutherford and sustained injury in 1932. The court stated:
"The question for decision is whether these statutes can be given a retrospective effect, defendant's contention being that there is no impairment of the obligation of a contract but a mere change in the remedy afforded the workman.
(1) It is clear that a statute may not be given retrospective effect so as to impair the obligation of a contract. Thomas Deegan v. Morrow, 31 N.J. Law, 136; Citizens' Gas Light Co. v. Alden, 44 N.J. Law, 648, 653.
(2) At the time of the passage of these statutes the prosecutor, provided he had suffered an injury of compensable nature, which must be assumed for the purposes of this case, had a definite right to receive from his employer, or its insurance carrier, the amount fixed by the Workmen's Compensation Act (Comp. St. Supp. § 236  1 et seq.) as compensation for such an injury to one in his circumstances. He likewise had a right to be represented by counsel in *83 pressing his claim, and, if successful, to have counsel fees paid by the employer. It cannot be said that chapter 162, P.L. 1933 (Comp. St. Supp. § 161  320 (10) note), merely changes his remedy. By that act he is entitled to such sum as the State Director of Relief in his direction awards him. He is deprived by section 4 of the right to have his counsel paid by the employer, if he succeeds in establishing his claim. It thus appears that the contract which was established by law between him and his employer upon the happening of the accident and the determination of the injuries is wiped out by the statutes under consideration. This is a clear violation of prosecutor's constitutional rights."
See also the case of Erie Railroad Co. v. Callaway, 91 N.J.L. 32 (Sup. Ct. 1917), which involved a problem akin to the present action. It held an amending statute could not be given retroactive force to alter the terms of the contract between an employer and employee and that no such intent should be imputed to the Legislature.
We therefore hold that in the light of the foregoing views, the 1956 amendment should not be considered retroactive and the parties must look to the terms, conditions and benefits provided under the act which was in effect at the time of the contract.
Submit appropriate order.