WILLIAM J. JONES, ADMINISTRATOR OF THE ESTATE OF DAVID J. JONES, SR., OR IN THE ALTERNATIVE, WILLIAM J. JONES, ADMINISTRATOR OF THE ESTATE OF LILLIAN A. JONES, PLAINTIFF, v. NEW JERSEY MANUFACTURERS CASUALTY INSURANCE CO., DEFENDANT.

Essex County Court
Law Division

Decided January 17, 1962.

*Mr. Charles Weinstock* argued for plaintiff (*Mr. Carl J. Yagoda,* attorney).

*Mr. William T. McElroy* argued for defendant (*Messrs. Shaw, Pindar, McElroy, Connell & Foley,* attorneys; *Miss Sonia Napolitano,* on the brief).

MASUCCI, J. C. C. This matter comes before the court on an order to show cause why defendant New Jersey Manufacturers Casualty Insurance Company should not pay to plaintiff William J. Jones, general administrator of the estate of Lillian A. Jones, the remaining payments due under an award of the Workmen's Compensation Bureau.

The material facts are not disputed and are as follows:

One David J. Jones suffered an accident during the course of his employment. A formal petition to recover compensation was filed by him, but prior to the entry of the award he died from causes unrelated to the aforementioned accident. The Bureau entered an award in the net amount of $5,830 for permanent and temporary disability. Apparently by virtue of the provisions of *N. J. S. A.* 34:15–12(e) ·the award provided that all payments thereunder were to be made to Lillian A. Jones, "the widow and sole legal dependent of David J. Jones."

Thereafter, pursuant to said award Lillian A. Jones received payments until her death on March 5, 1961. If Lillian A. Jones had survived, she would have been entitled to continued further monthly payments pursuant to the award in the total amount of $1,962. Plaintiff contends that he, as the administrator of the estate of Lillian A. Jones, is entitled to these remaining payments. The sole issue for determination is whether an administrator of the estate of a deceased dependent is entitled to those payments which such dependent would have received had she lived, where the original award to such dependent was for permanent disability suffered by the dependent's spouse.

It must first be noted that the rights and remedies provided by the Workmen's Compensation Act are exclusive of and preclude any other remedies for claims coming within its provisions.

*N. J. S. A.* 34:15–8 provides for a surrender of rights to any method, form or amount of compensation other than as provided by the act, and the same "shall bind the employee himself * * * his personal representatives, his widow and next of kin * * *." *Geraghty v. Lehigh Valley R. R. Co.,* 83 *F. 2d* 738 (2 *Cir.* 1936); *New Amsterdam Casualty Co. v. Popovich,* 18 *N. J.* 218 (1955).

The rights of the parties must therefore be adjudicated by an interpretation of the pertinent provisions of the Workmen's Compensation Act, bearing in mind its scope and pur-

pose to *provide weekly compensation* in lieu of wages to the injured employee during the period of his disability or *to his dependents* in the event of his death. *King v. Western Electric Co., 122 N. J. L. 442 (Sup. Ct. 1939).*

With this expressed policy in mind two provisions of the act are to be considered.

*N. J. S. A.* 34:15–12(e) provides that in case of death of the employee from any cause other than accident or occupational disease during the period of payments for permanent injury, the remaining payments shall be paid to such dependents as are included in *N. J. S. A.* 34:15–13, or, if no dependents, the remaining amount due but not exceeding $400 shall be paid to the proper person for funeral expenses. Said section then continues: "* * * but no compensation shall be due any other person than the injured employee on account of compensation being paid in excess of 450 weeks on account of disability total in character and permanent in quality * * *."

*N. J. S. A.* 34:15–13(g) after defining dependents, provides that "Should any dependent of a deceased employee die during the period covered by such weekly payments *the right of such dependent to compensation* * * * shall cease * * *." (Emphasis supplied)

Both of the above provisions refer to the rights of dependents to receive benefits under the act; the former provision prohibits payments of an unexpended award to anyone other than a dependent, except for funeral expenses of a deceased covered employee not exceeding $400, and the latter provision expressly provides that upon the death of any dependent his right to compensation shall cease.

Admittedly, Lillian A. Jones was the widow and sole dependent of the injured employee David J. Jones, deceased. By virtue of such dependency she was given an award for the compensation for temporary and permanent injuries due to her deceased husband. Therefore, upon her death prior to the full payment of the award, the rights of her personal representative, if any, to the unex-

pended future weekly payments are governed by *N. J. S. A.* 34:15–13(g), above referred to, which provides in express terms that they shall cease. There was, therefore, nothing for her estate to take or receive.

The plaintiff contends that the award of Lillian A. Jones was made pursuant to *R. S.* 34:15–21 which provides as follows:

"In case of death compensation payments may be made directly to dependents of full age and on behalf of infants to the surviving parent, if any, or to the statutory or testamentary guardian of any such infant. The workmen's compensation bureau, on application or when a petition has been filed, may order such payments to be made to the administrator or executor of the decedent, or to such person as would be appointed administrator of the estate of the decedent, and may, if compensation is to be paid weekly, require, in the discretion of the bureau, the filing with the bureau of a bond, with satisfactory surety, to the dependents, for not more than one hundred dollars, for the proper application of the compensation payments. If a commutation of the award is ordered and it is impracticable to make distribution of the commuted sum among the persons entitled thereto, then the bureau, on making the commutation, shall require a bond, with such sureties and in such amount as will, in the judgment of the bureau, fully secure the persons severally entitled to portions of the commuted sum."

Under this statute, the executor of a deceased employee's estate may receive payments under an award if the Bureau so orders, and in such case only as a method of payment to the dependents and not as an asset of the estate. That such executors only receive for the benefit of dependents is evidenced by the provision that the Bureau may require the filing of a bond "with satisfactory surety to the dependents." *Marrocco v. Allied Textile Printers, Inc.,* 21 *N. J. Misc.* 105, 31 *A. 2d* 403 (*C. P.* 1943).

The only instance where the payments were ordered to be made to the administrator, to become part of the decedent's estate, is where the payments had already accrued and the decedent was therefore already entitled to them at the time of his death. *Kozielec v. Mack Mfg. Corp.,* 29 *N. J. Super.* 272 (*Cty. Ct.* 1953). In the case at bar the

payments which Lillian A. Jones received had not yet accrued to her husband, and hence she received the payments as a dependent under the statute. The same is true of the remaining payments which are the subject matter of this action. Such payments had not yet accrued, and therefore Lillian A. Jones was not entitled thereto at the time of her death.

The amount of an award and the class of persons entitled thereto are determined by the statute. Whether the plaintiff in this action is entitled to the payments in question depends upon whether or not he is a member of the statutory class. Whatever right he has, if any, flows from the act itself. *Lusczy v. Seaboard By-Products Co.,* 101 *N. J. L.* 170 (*E. & A.* 1925).

For the reasons hereinabove set forth, this court finds that under the statute the plaintiff is not entitled to such payments.

Therefore, judgment shall be entered accordingly for the defendant and the order to show cause shall be vacated.