77 N.J. Super. 147 (1962)
185 A.2d 678
WILLIAM J. JONES, ADMINISTRATOR OF THE ESTATE OF DAVID J. JONES, SR., OR IN THE ALTERNATIVE, WILLIAM J. JONES, ADMINISTRATOR OF THE ESTATE OF LILLIAN A. JONES, PLAINTIFF-APPELLANT,
v.
NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1962.
Decided November 14, 1962.
*148 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Charles Weinstock argued the cause for appellant (Mr. Carl J. Yagoda, attorney; Mr. Weinstock, of counsel and on the brief).
Mr. William T. McElroy argued the cause for respondent (Messrs. Pindar, McElroy, Connell & Foley, attorneys; Mr. McElroy, of counsel, and on the brief with Mrs. Sonia Napolitano).
*149 The opinion of the court was delivered by LEWIS, J.A.D.
Plaintiff William J. Jones, administrator of the estate of David J. Jones, Sr., or in the alternative, William J. Jones, administrator of the estate of Lillian A. Jones, appeals from the final judgment of the Essex County Court entered on February 27, 1962 in favor of the defendant.
Proceedings before the County Court were commenced by complaint and order to show cause why the remaining payments due under an award of the Workmen's Compensation Division should not be paid to plaintiff. The undisputed facts present a single legal issue  Is an administrator of the estate of a sole dependent of an injured workman, who died from a cause unconnected with the compensable accident, entitled to payments of an award which accrued after the death of such sole dependent?
First the facts: David J. Jones, Sr., sustained a work-connected accident on June 16, 1958. He filed a formal petition for compensation and thereafter, during the pendency of his claim, died (May 24, 1959) of causes unrelated to said accident, leaving his widow Lillian A. Jones as sole dependent.
After a hearing before the Division on September 25, 1959, judgment was entered adjudicating that the deceased petitioner had suffered a compensable injury, and that the award to which he was entitled should be paid to his widow pursuant to N.J.S.A. 34:15-12(e). The temporary disability was fixed at $31 per week for 45 weeks, totalling $1,395, and the permanent disability was determined to be $31 a week for 160 weeks, amounting to $4,960, or a gross sum of $6,355 minus $525 for counsel and medical fees assessed against the petitioner.
The dependent widow died on March 5, 1961, at which time she had been paid by defendant an aggregate amount of $4,393, which represented all installment payments as provided in said award to and including the month of her death. There remained unpaid $1,962 in unaccrued monthly disbursements. *150 It is that balance which plaintiff, in his representative capacity, seeks to recover.
The defendant, insurance carrier for the employer of the deceased employee, disclaims liability for any payments under the award which accrued subsequent to the demise of the widow, maintaining that plaintiff is not a dependent of a deceased workman, there was an abatement of the unaccrued payments, and the statutory purpose of the Workmen's Compensation Act had been completely fulfilled.
The County Court, in rendering judgment for the defendant and discharging plaintiff's order to show cause, noted in its opinion (Jones v. N.J. Mfrs. Cas. Ins. Co., 71 N.J. Super. 512, 517 (1962)) that:
"The amount of an award and the class of persons entitled thereto are determined by the statute. Whether the plaintiff in this action is entitled to the payments in question depends upon whether or not he is a member of the statutory class. Whatever right he has, if any, flows from the act itself."
Plaintiff, however, takes issue with the statutory construction as applied by the trial judge, and argues that any interest of the deceased widow in her compensation allowance is determined solely by N.J.S.A. 34:15-12(e) which, he avers, does not contain an abatement provision; and that her interest in the gross amount of the award was vested so that all payments unaccrued at the time of her death represent an asset of her estate. To buttress the argument in support of those contentions, he depends upon (a) his interpretation of legislative language, (b) a 1917 opinion of our Supreme Court in Hansen v. Brann & Stewart Co., 90 N.J.L. 444, and (c) foreign cases, in particular State ex rel. Munding v. Industrial Commission, 92 Ohio St. 434, 111 N.E. 299 (Sup. Ct. 1915). We shall consider these points in the inverse order stated.
Any reliance upon the Ohio case, supra, is not well-founded. It is true, the court there declared that "when the award is once made to a sole dependent, the right to the compensation *151 vests, and once vested there can be no condition attached except as to the time of payment, and it is equally immaterial whether the dependent subsequently dies or becomes independent." (111 N.E., at p. 304). This decision, however, was subsequently overruled by State ex rel. Crawford v. Industrial Commission, 110 Ohio St. 271, 143 N.E. 574 (Sup. Ct. 1924), which specifically held that, in the event of death of a dependent before all of the installment payments of the award had been made, her personal representative was not entitled to receive the unpaid installments. See also Annotation, 95 A.L.R. 254 (1935). The additional authorities from other jurisdictions cited in appellant's brief are not helpful since they are predicated upon statutory terms and conditions dissimilar to the controlling legislative enactments in this State.
The Hansen opinion dealt with our Workmen's Compensation Act of 1911, as amended in 1913. Speaking for the court, Justice Kalisch observed:
"This case must be dealt with under the provisions of the act of 1911. If, under the act, the petitioner, upon the death of her husband, was entitled to compensation during 300 weeks, she acquired a vested right, which could not be legally abridged by subsequent legislation. The amendment of 1913, therefore, which cuts off the widow's right to compensation, upon remarriage during the period covered by weekly payments, can have no bearing upon the construction to be given to the act of 1911, except as evidencing a change of the legislative mind in respect to what shall happen to an award of compensation made after the passage of the amendment to a widow, who subsequently remarried and pending the period of weeks for which compensation was to run." (90 N.J.L., at p. 446)
An examination of the 1911 Act (L. 1911, c. 95, p. 134 et seq.) reveals the absence of any provision for abatement (comparable with N.J.S.A. 34:15-12(e) and N.J.S.A. 34:15-13) and, accordingly, in the Hansen case (decided in 1917) the decedent's sole dependent acquired a vested right in the award which was not susceptible of subsequent abridgement by the Legislature. The principles of law enunciated therein are sound and well-established. Their application, *152 however, to the facts presently under review is a non sequitur. Our Workmen's Compensation Act has undergone numerous and substantial changes since 1911. The date of a compensable accident is the determinative factor in establishing the status of a dependent's entitlement. Wathne v. Midland Constructing & Contracting Co., 125 N.J.L. 473, 476 (Sup. Ct. 1940); Fitzsimmons v. Federal Shipbuilding & Dry Dock Co., 4 N.J. 110, 113 (1950). We are here concerned with the pertinent provisions of the act in effect on June 16, 1958, when the deceased widow's husband sustained a work-connected accident. The Hansen case is inapplicable.
Beneficiaries of compensation are determined by the Legislature, and it is not within the province of the judiciary to extend benefits beyond the limits of the prevailing statute. As this court said in Flynn v. Union City, 32 N.J. Super. 518, 524 (App. Div. 1954), the "right to workmen's compensation rests upon the statute which both creates and measures that right." Plaintiff contends that the deceased widow acquired a vested interest in her award by virtue of N.J.S.A. 34:15-12(e) which provides for compensation to a dependent of an injured employee in cases where the employee subsequently dies from a cause unrelated to the compensable accident. The argument is then advanced that since this section makes no provision for abatement upon the death of the dependent, the estate of a deceased dependent is entitled to the remaining unaccrued payments. The relevant provision of 12(e) is worded:
"* * * remaining payments shall be paid to such of his or her dependents as are included in the provisions of said section 34:15-13 or, if no dependents, the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses; * * *." (Emphasis supplied.)
This section is obviously not self-executing, as it specifically incorporates by reference N.J.S.A. 34:15-13 which should be read conjunctively with 12(e) in determining the rights and status of a dependent or a dependent's estate. That portion *153 of section 13 which defines "dependents" is expressed in subdivision (g) thereof, which reads:
"The term `dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or the occurrence of occupational disease, or at the time of death, namely: husband, wife, parents, stepparents, grandparents, children, stepchildren, grandchildren, child in esse, posthumous child, illegitimate children, brothers, sisters, half brothers, half sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children. Dependency shall be conclusively presumed as to the decedent's widow and natural children under 18 years of age who were actually a part of the decedent's household at the time of his death. Every provision of this article applying to one class shall be equally applicable to the other. Should any dependent of a deceased employee die during the period covered by such weekly payments the right of such dependent to compensation under this section shall cease but should the widow of a deceased employee remarry during such period and before the total compensation is paid, she shall be entitled to receive the remainder of the compensation which would have been due her had she not remarried, or $1,000.00, whichever is the lesser." (Emphasis supplied.)
Although this quoted excerpt relates to situations where the injured employee dies as a result of a compensable accident, only the designated beneficiaries under its provisions may qualify as compensational dependents under 12(e).
Plaintiff maintains that the cessation or abatement provision of 13(g) is limited by the words "under this section" to circumstances where the injured employee dies as a result of an accident associated with employment, and is not applicable to 12(e). This conception, that dependents of a disabled employee who dies from causes unrelated to his employment should receive, as a class, more favored treatment than dependents of an employee whose death was work-connected, is untenable. It ignores the plain, clear and unambiguous mandate of the Legislature to harmonize and make uniform the rights of certain dependents under each of two sections of the act. There is nothing doubtful, vague or uncertain about the language employed by the Legislature. Its meaning is reasonable and obvious. The intended operational effect of section 12(e) was to adopt in toto the definitive *154 provisions of section 13 insofar as they relate to designated compensation recipients, and to thus establish equal status for dependents whether they be beneficiaries of an award resulting from a statutory-accident death or from death subsequent to but unassociated with the employment accident. That the Legislature intended to enact a valid, sensible and just law is to be presumed. McCaffrey, Statutory Construction, § 10, pp. 36-37 (1953).
It is settled law that where there are no dependents the personal representative of a deceased employee is entitled to those payments which accrued up to the time of the employee's death. See Roney v. Griffith Piano Co., 4 N.J. Misc. 31, 131 A. 686 (C.P. 1925), affirmed sub nom. Griffiths Piano Co. v. Court of Common Pleas, 4 N.J. Misc. 837, 134 A. 922 (Sup. Ct. 1926), which was recently approved by our Supreme Court in Cureton v. Joma Plumbing & Heating Co., 38 N.J. 326, 332 (1962).
While accrued and unpaid installments may be an asset of the estate of an awardee, there is no valid reason why unaccrued payments should not abate upon the death of a sole dependent as in the statute provided. See generally, 99 C.J.S. Workmen's Compensation § 146, p. 510. As stated by Dean Larson:
"The recipient of installment payments does not ordinarily `own' the unpaid balance of the award so as to entitle his heirs as such to any interest in it.
Not only is the award trimmed on all sides  as to kind of injury, elements of damage, and maximum dollar amount  to ensure that it can never exceed the amount necessary to prevent want during disability; the award itself is completely cut off in most jurisdictions when, through the death of the worker without dependents, for example, there is no further need to worry about anyone's becoming destitute." 1 Larson, Workmen's Compensation Law, § 2.60, p. 11.
Plaintiff's position cannot be legally supported.
Affirmed.