150 N.J. Super. 379 (1977)
375 A.2d 1205
MINNA K. CHAUSMER, PLAINTIFF-APPELLANT,
v.
COMMISSIONERS OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF NEWARK, AND THE PERSONAL REPRESENTATIVE OF SOL KERWIN, DECEASED, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1977.
Decided June 3, 1977.
*380 Before Judges BISCHOFF, MORGAN and KING.
Messrs. Greenburg, Feinberg, Greenburg and Schragen, attorneys for appellant (Mr. Jerald A. Schragen and Mr. Harold Kames on the brief).
*381 Mr. Louis S. Cohen, attorney for respondents, of counsel and on the brief.
PER CURIAM.
Plaintiff appeals from a judgment of the Law Division denying her application to revive her pension benefits. Her first husband, Dr. Aaron Chausmer, was a City of Newark employee and a member of its Employees' Retirement System.
Plaintiff attacks the constitutionality of the provisions of N.J.S.A. 43:13-22.3 et seq. establishing pensions for employees of cities of first class, which require that a widow or widower remain unmarried to retain eligibility for a pension. Plaintiff further contends she revived her compliance with this requirement when her second husband died.
N.J.S.A. 43:13-22.23, N.J.S.A. 43:13-22.25 and N.J.S.A. 43:13-22.28(i) require that a widow or widower of a city employee or pensioner remain unmarried in order to continue eligibility for pension benefits. This requirement applies to both men and women and it does not discriminate on the basis of sex. There is no denial of equal protection of the law inherent in this statutory scheme.
Plaintiff also contends this requirement violates her right to marriage. We note a similar provision in the Worker's Compensation Law has been interpreted without question as to its validity. Blumenfeld v. Rust Craft Greeting Cards, 51 N.J. 1 (1967). See N.J.S.A. 34:15-13. The federal Social Security Act contains identical provisions requiring a widow, a surviving divorced wife, a widower, or a surviving divorced mother to remain unmarried in order to retain eligibility for benefits. 42 U.S.C.A. § 402(e)(1) (A), (f) (1) (A) and (g) (1) (A). These provisions have also been interpreted without question as to their validity. See Cairns v. Richardson, 457 F.2d 1145 (10 Cir.1972); Annotation, "Effect of divorce, remarriage, or annulment, on widow's pension or bonus rights or social security benefits," 85 A.L.R.2d 242 (1962). We find the legislative *382 classification based on remarriage to be rationally related to a legitimate public purpose, the protection of city employees' widows or widowers.
In Reiser v. Pension Comm'n of Passaic Cty. Employees Retirem. System, 147 N.J. Super. 168 (Law Div. 1976), plaintiff, a county detective, challenged the provision of his pension plan that a surviving spouse would be eligible only if the marriage occurred before the employee reached age 50 and only if the surviving spouse was less than 15 years younger than the employee. N.J.S.A. 43:10-18.64 (h). The court rejected plaintiff's argument that this provision violated his "fundamental right to marry." The court said:
N.J.S.A. 43:10-18.50 et seq. does not directly restrict [the] plaintiff's right to marry but simply regulates a pension plan which, as applied to the plaintiff, operates as to make his marriage to his present wife financially more burdensome. The statute only imposes an indirect economic burden on his right to marry whomever he chooses. Therefore, N.J.S.A. 43:10-18.50 et seq. does not violate plaintiff's fundamental right to marry. [at 193-194]
This reasoning is applicable to the present case. Here, also, no right to marry is infringed. The statute under challenge simply terminates plaintiff's pension benefits on her remarriage, thereby imposing an indirect economic burden on her.
Plaintiff contends the provisions terminating pension rights on remarriage violates the policies set forth in the Law Against Discrimination, N.J.S.A. 10:5-3. This statute however clearly provides that "Nothing contained in this act * * * shall be construed to * * * interfere with the operation of the terms or conditions and administration of any bona fide retirement, pension, employee benefit or insurance plan or program." N.J.S.A. 10:5-2.1. We further find no merit in plaintiff's argument that the condition she remain unmarried in order to receive the pension "den[ies] the economic partnership during coverture *383 now recognized in N.J.S.A. 2A:34-23 and case law." N.J.S.A. 2A:34-23 provides for equitable distribution upon divorce of assets acquired during a marriage. This statute is inapplicable to the present case.
Plaintiff additionally contends she reverted to the status of "unmarried" upon the death of her second husband. She relies upon Hansen v. Brann & Stewart Co., 90 N.J.L. 444 (Sup. Ct. 1913). In that case plaintiff's first husband died prior to 1913, the year when the then Workmen's Compensation Act was amended to provide that widows who remarried forfeited their right to benefits. The court held that the remarried plaintiff nevertheless continued to be eligible since, "she acquired a vested right, which could not be legally abridged by subsequent legislation." 90 N.J.L. at 446. The instant case is distinguishable. Here, unlike in Hansen, there was no subsequent legislation which deprived plaintiff of any pre-existing vested right to benefits. The remarriage provision in question in this case has been in effect since 1954, six years before the death of plaintiff's first husband. In accordance with the provisions of N.J.S.A. 43:13-22.20, N.J.S.A. 43:13-22.25 and N.J.S.A. 43:13-22.28(i), plaintiff relinquished her status as widow of her first husband upon her remarriage, and the death of her second husband did not restore her eligibility for benefits. Nothing in the legislation suggests a revival of benefits upon the demise of a second spouse. We have no legislative authority to expand the meaning and effect of the statute. This court has noted the principle with respect to a pension statute that "an employee has only such rights and benefits as are based upon and within the scope of the provisions thereof." Mathews v. Irvington Bd. of Ed., 31 N.J. Super. 292, 298-299 (App. Div. 1954).
Plaintiff finally contends that the standards set forth in the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 et seq., should apply to the retirement plan in the instant case. However, 29 U.S.C.A. § *384 1002 (32) and § 1003(b)(1) specifically exempt from coverage a governmental employee benefit plan. Since the plan in this case was established by our Legislature for employees of a political subdivision of the State, it is clearly a governmental plan and excluded from the effect of the act. The judgment of the trial court is affirmed in all respects.
Affirmed.